# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 10, 2013

Lyle W. Cayce
Clerk

No. 12-60818
Summary Calendar

TONNIE COLLINS,

Plaintiff-Appellant

v.

FLASH LUBE OIL, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-626

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Tonnie Collins was injured at a Flash Lube Oil, Inc., store while on duty as a police officer. Collins arrived at the store to respond to a dispute between the store manager and a customer. While in the area of the store where oil changes were performed, the argument became heated and Collins believed a physical altercation was about to take place. He took a step between the two men to prevent the altercation, at which point he lost his footing and fell to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60818

floor, seriously injuring himself. Collins filed suit against Flash Lube, claiming it was negligent in permitting him to enter the oil change area, thus resulting in his injury. The district court awarded summary judgment to Flash Lube. We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012). For the reasons below, we AFFIRM.

We resolve this appeal under traditional landowner liability law. To begin, we conclude that Collins was a licensee at the time of his accident.

> [A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. . . . A licensee is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner[.]

*Corley v. Evans*, 835 So. 2d 30, 37 (Miss. 2003) (quoting *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1011 (Miss. 1978)). Here, Collins was at the Flash Lube store not by choice but to fulfill his employment duties as a police officer. He was not an invitee because he was not at the store for his and Flash Lube's mutual advantage, but to effectuate the responsibility of his employer, the local police department, to keep the peace. *See id.* ("In order to create invitee status there must be a mutual advantage between landowner and invitee."). In particular, Collins was not present as a member of the public, nor was he present to conduct business dealings with Flash Lube. *See Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 763 (Miss. 1989) (quoting Restatement (2d) of Torts § 332, which defines an invitee as either a public invitee or a business visitor). Because Collins was a licensee, Flash Lube's only duty to him was "to refrain from willfully or wantonly injuring him." *Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998). Collins has not alleged or provided evidence that Flash Lube willfully or wantonly injured him. Accordingly, he cannot prevail against Flash Lube.

No. 12-60818

AFFIRMED.